**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL STEDNITZ,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**BANK OF AMERICA, NA.; and CHEX SYSTEMS, INC.**<br><br>Defendants. | **Case No.:** '16CV0858 BAS DHB<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1.) **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.;**<br><br>2.) **THE CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.25, ET SEQ.;**<br><br>3.) **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**<br><br>4.) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. The United States Congress enacted the Fair Credit Reporting Act ("FCRA") to ensure fair and accurate credit reporting, promote efficiency, and protect consumers' privacy. "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.' 15 U.S.C. § 1681(a)(4). In addition, to ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).

2. The California legislature enacted the Consumer Credit Reporting Agencies Act in response to the "vital role" credit reporting agencies have assumed in assembling and evaluating consumer credit information and to require those who furnish information on consumers' credit do so "in a manner which is fair and equitable to the consumer." Cal. Civ. Code § 1785.1.

3. Plaintiff, MICHAEL STEDNITZ ("Plaintiff"), brings this lawsuit to challenge the actions of Defendants, BANK OF AMERICA. NA., ("BANK OF AMERICA") and CHEX SYSTEMS, INC, ("CHEX SYSTEMS") (collectively as "Defendants"),  regarding Defendants' furnishing of incomplete and inaccurate information to a consumer credit reporting agencies and Defendants' failure to investigate Plaintiff's credit disputes.

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

///

---

**COMPLAINT FOR DAMAGES**                                            PAGE 2 OF 17

6.  Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.

7.  Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

8.  Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

9.  At all times relevant, Plaintiff was an individual residing within the State of California.

10. All correspondence from Defendants was sent to Plaintiff at an address located within the State of California.

## JURISDICTION AND VENUE

11. This action arises out of Defendants' violations of: (i) The Fair Credit Reporting Act ("FCRA") 15 § U.S.C. § 1681, *et seq.*; and (ii) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq*.

12. Jurisdiction of this Court therefore arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p and 28 U.S.C. § 1367 for supplemental state law claims.

13. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

14. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

///

**PARTIES**

15. Plaintiff, MICHAEL STEDNITZ ("Plaintiff"), is a natural person who resides in the City of El Cajon, County of San Diego, State of California. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b) and 15 U.S.C. § 1681a(c).

16. Defendant, BANK OF AMERICA, NA. ("BANK OF AMERICA") is a business organization, form presently unknown, doing business in the State of California and County of San Diego.

17. BANK OF AMERICA in the ordinary course of business, regularly, and on a routine basis, furnishes information to one or more consumer credit reporting agencies about transactions or experiences with consumers.

18. BANK OF AMERICA is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j) and 15 U.S.C. § 1681a(b).

19. Defendant, CHEX SYSTEMS, INC. ("CHEX SYSTEMS"), is a Minnesota corporation with a principle place of business in Woodbury, Minnesota.

20. CHEX SYSTEMS regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and Cal. Civ. Code § 1785.3(d).

21. The causes of action stated herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c) and 15 U.S.C. § 1681a(d), in that inaccurate and/or incomplete credit information was furnished by BANK OF AMERICA to CHEX SYSTEMS, regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and/or credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among

**1**
**2**
other things, credit to be used primarily for personal, family, household and employment purposes.

**3**
## FACTUAL ALLEGATIONS

**4**
**5**
**6**
22. Sometime in March of 2010, Plaintiff noticed an irregularity with his BANK OF AMERICA checking account. For reasons unknown to Plaintiff, his account balance inexplicably began showing as $888,888.88.

**7**
**8**
**9**
**10**
23. At the time Plaintiff had only a few thousand dollars in his bank account. Plaintiff assumed someone erroneously deposited money in his account; or alternatively, given the extremely odd account balance, Plaintiff assumed there was some sort of accounting error or computer glitch.

**11**
24. Plaintiff promptly reported the issue to BANK OF AMERICA.

**12**
**13**
25. Plaintiff informed BANK OF AMERICA of what he believed was an accounting error and BANK OF AMERICA stated they would investigate.

**14**
**15**
**16**
26. Shortly thereafter, Plaintiff was informed by BANK OF AMERICA that they were closing his account. BANK OF AMERICA provided no further explanation for their actions.

**17**
**18**
**19**
27. BANK OF AMERICA closed Plaintiff's account and Plaintiff believed that was the end of the matter. At no point in time did BANK OF AMERICA provide notice to Plaintiff of any derogatory credit reporting concerning fraud.

**20**
**21**
28. Plaintiff went to open another account with a different bank and was summarily denied without explanation.

**22**
**23**
**24**
29. Plaintiff promptly went back to BANK OF AMERICA and was informed by BANK OF AMERICA that they would not discuss the account and that Plaintiff must contact CHEX SYSTEMS.

**25**
**26**
**27**
30. Plaintiff promptly contacted CHEX SYSTEMS as instructed by BANK OF AMERICA but Plaintiff was informed by CHEX SYSTEMS that he had "no record" with CHEX SYSTEMS.

**28**
///

31. Plaintiff checked his credit with other credit reporting agencies but no derogatory information had been reported with regards to the BANK OF AMERICA account.

32. Plaintiff continued this process of being denied a bank account and credit by other banks and subsequently disputing the issue with BANK OF AMERICA only to be referred to CHEX SYSTEMS who would in turn state they have "no record" pertaining to Plaintiff.

33. Despite continuous and diligent efforts, Plaintiff was unable to discover who was responsible for his denials of credit and inability to obtain a bank account. Plaintiff would later discover this was the result of Defendants' deliberate efforts to conceal that information.

34. On October 7, 2015, Plaintiff again attempted to open a bank account with Wells Fargo Bank and was denied. Initially, the bank teller refused to give any explanation as to why Plaintiff had been denied, just as had happened every other time in the past.

35. However, this time was different. At this time Plaintiff was battling late-stage colon cancer and Plaintiff begged for an explanation. The bank teller, who's mother was a breast cancer survivor, empathetically give Plaintiff a printout of the information BANK OF AMERICA had reported to CHEX SYSTEMS. [*See* Credit Report, Exhibit 1].

36. The bank teller explicitly stated that the information contained in the Credit Report was what BANK OF AMERICA had reported to CHEX SYSTEMS.

37. The Credit Report the bank teller provided Plaintiff is actually only a portion of the entire report. When the teller gave Plaintiff the Credit Report the teller cut off the remainder of the page. On the remainder of the page the words "DO NOT SHOW TO CUSTOMER" appeared *twice* in large bold lettering.

38. The bank teller stated he cut off said portions of the Credit Report because he feared reprisal from BANK OF AMERICA and his employer.

1   39. Plaintiff alleges thereon that Defendants not only willfully concealed the
2       information that had been reported on Plaintiff's credit but also instructed
3       others, including Wells Fargo Bank, to withhold the credit information that
4       had been reported on Plaintiff's credit.

5   40. Plaintiff further alleges that Defendants' willful and deliberate concealment of
6       this information prevented the discovery of the unlawful conduct of
7       Defendants and the inaccurate and incomplete credit information reported on
8       Plaintiff credit.

9   41. October 7, 2015 was the first time Plaintiff discovered the conduct
10      complained of herein and the credit information furnished by BANK OF
11      AMERICA. Moreover, the only reason Plaintiff did in fact discover this
12      information was because a bank teller sympathetically disregarded
13      Defendants' specific instructions not to provide such information to Plaintiff.
14      If not for the bank teller's actions Plaintiff would have never discovered this
15      information.

16  42. The Credit Report (Exhibit 1) unequivocally states the reporting party was
17      "Bank of America." Additionally, the Wells Fargo Bank teller stated that the
18      Credit Report was from "Chex Systems."

19  43. As stated in the Credit Report, BANK OF AMERICA furnished information
20      to CHEX SYSTEMS, a consumer credit reporting agency, as follows:

21          Negative Information Early Warning – Provide Adverse
22          Action Notice
                • Fraudulent Record – **Do Not Open Opportunity**
23                **Acct or Any Other Acct**
                • **Fraudulent Activity**
24              • Reported 03/17/2010 Bank of America
                • Michael P Stednitz TIN [xxx]-[xx]-[xxxx]
25          [*See* Exhibit 1].
26
27  44. Plaintiff alleges on information and belief that BANK OF AMERICA has
28      continued to report such information on a monthly basis through the date of

1    filing this action.

2    45.  The information BANK OF AMERICA furnished was inaccurate and/or

3        incomplete because: (1) reporting "fraudulent activity" on Plaintiff's account

4        implies that Plaintiff was involved in fraudulent activity and he was not

5        involved in any such activity; (2) Plaintiff did not make any knowing

6        misrepresentation or knowingly conceal a material fact to induce another to

7        act to their detriment; therefore, Plaintiff did not engage in any "fraudulent

8        activity;" (3) the report does not state that Plaintiff was the one who

9        voluntarily reported the issue to BANK OF AMERICA; (4) the report does

10       not state that Plaintiff was the victim of the "fraudulent activity" (if any such

11       activity occurred); and (5) there are no grounds to advise other banks not to

12       open an account with Plaintiff because Plaintiff did not engage in any

13       fraudulent activity or any other wrongdoing.

14   46.  BANK OF AMERICA knew or should have known the information they

15       furnished was inaccurate and/or incomplete from their own business records

16       pertaining to Plaintiff's account; any investigation conducted by BANK OF

17       AMERICA; Plaintiff's initial reporting of the accounting issue; and Plaintiff's

18       disputes lodged with BANK OF AMERICA.

19   47.  Through this conduct, BANK OF AMERICA violated Cal. Civ. Code §

20       1785.25(a) by furnishing information to a consumer credit reporting agency

21       that Defendant knew, or should have known, was inaccurate and/or

22       incomplete.

23   48.  On November 17, 2015, Plaintiff sent a written credit dispute and request for

24       investigation to CHEX SYSTEMS and that dispute was received on or before

25       November 23, 2015. [*See* Chex Systems Credit Dispute, Exhibit 2].

26   49.  On November 17, 2015, Plaintiff sent a written credit dispute and request for

27       investigation to Equifax and that dispute was received on or before November

28       21, 2015. [*See* Equifax Credit Dispute, Exhibit 3].

50. On November 17, 2015, Plaintiff sent both the Chex Systems and Equifax credit disputes to BANK OF AMERICA and said disputes were received on or before November 21, 2015. [*See* Bank of America Credit Disputes, Exhibit 4].

51. Plaintiff alleges on information and belief, that BANK OF AMERICA failed to respond in any meaningful way to Plaintiff's disputes and similarly failed to conduct any investigation in response to Plaintiff's disputes. Instead, BANK OF AMERICA merely sent Plaintiff a letter apologizing for "any inconvenience" their erroneous credit reported had caused Plaintiff. [*See* Bank of America Response Letter, Exhibit 5].

52. On December 29, 2015, Plaintiff again applied for a bank account and credit card with BANK OF AMERICA and was summarily denied because of the erroneous credit information that was still being reported by BANK OF AMERICA. [*See* Credit Denial Letter, Exhibit 6].

53. Through this conduct, BANK OF AMERICA violated: (i) 15 U.SC. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information; (ii) 15 U.SC. § 1681s-2(b)(1)(B) by failing to review all relevant information proved by the consumer reporting agency pursuant to 15 U.SC. § 1681i(a)(2); (iii) 15 U.SC. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to the consumer reporting agency; (iv) 15 U.SC. § 1681s-2(b)(1)(D) by failing to report the incomplete or inaccurate information to all other consumer reporting agencies; and (v) 15 U.SC. § 1681s-2(b)(1)(E) by failing to modify, delete, or block inaccurate or incomplete information disputed by a consumer.

54. On or before May 7, 2015, Plaintiff contacted CHEX SYSTEMS in attempt to discover why he was being denied credit and the ability to open a bank account. On May 7, 2015, CHEX SYSTEMS sent Plaintiff a letter stating "No information" had been reported to CHEX SYSTEMS pertaining to Plaintiff's

1      credit. [*See* May 7, 2015 Letter From Chex Systems, Exhibit 7].

2    55.   However, that representation by CHEX SYSTEM was patently false as the

3         information contained in the Credit Report (Exhibit 1) was reported by BANK

4         OF AMERICA to CHEX SYSTEMS.

5    56.   On or before October 22, 2015, Plaintiff contacted CHEX SYSTEMS in

6         attempt to discover why he was being denied credit and the ability to open a

7         bank account. On October 22, 2015, CHEX SYSTEMS sent Plaintiff a letter

8         stating "No information" had been reported to CHEX SYSTEMS pertaining to

9         Plaintiff's credit. [*See* October 22, 2015 Letter From Chex Systems, Exhibit

10        8].

11    57.   However, that representation by CHEX SYSTEM was again patently false as

12        the information contained in the Credit Report (Exhibit 1) was reported by

13        BANK OF AMERICA to CHEX SYSTEMS.

14    58.   On November 17, 2015, Plaintiff sent a written credit dispute and request for

15        investigation to CHEX SYSTEMS and that dispute was received on or before

16        November 23, 2015. [*See* Chex Systems Credit Dispute, Exhibit 2].

17    59.   On November 27, 2015, CHEX SYSTEMS sent Plaintiff a letter in response

18        to his credit dispute. [*See* Chex Systems' Response Letter, Exhibit 9].

19    60.   In CHEX SYSTEMS' response to Plaintiff's credit dispute it states that:

20             Your correspondence included a dispute regarding Bank

21             of America. Please be informed that your consumer file
             at Chexsystems <u>does not currently contain information</u>

22             <u>submitted by that institution</u>, therefore, we were unable

23             to take any action at this time.

24    61.   CHEX SYSTEMS' Response Letter is the *third* instance in which it falsely

25        claims BANK OF AMERICA has not reported any credit information to it

26        regarding Plaintiff. Of particular note is the fact the Credit Report displaying

27        the information reported by BANK OF AMERICA to CHEX SYSTEMS is

28        dated October 7, 2015; however, both *before* and *after* that date CHEX

1    SYSTEM falsely claims in writing that "no information" has been reported to

2    it by BANK OF AMERICA.

3    62. On this basis, Plaintiff further alleges Defendants, both individually and

4    collectively, intentionally concealed their unlawful actions and withheld the

5    information BANK OF AMERICA had reported to CHEX SYSTEMS.

6    63. Additionally, CHEX SYSTEMS' Response Letter clearly states that it will not

7    "take *any* action" in response to Plaintiff's credit dispute. Plaintiff thereon

8    alleges that CHEX SYSTEMS took no action nor conducted any investigation

9    in response to Plaintiff's credit dispute.

10   64. Through this conduct, CHEX SYSTEMS violated: (i) 15 U.S.C §1681i by

11   failing to conduct a reasonable reinvestigation with respect to the Plaintiff's

12   credit dispute; and (ii) 15 U.S.C. § 1681e(b) by failing to take action to ensure

13   the "maximum possible accuracy of the information" contained in consumer's

14   credit report.

15   65. Defendants' conduct alleged herein has caused Plaintiff damages including,

16   but not limited to, loss of credit worthiness, credit standing, credit capacity,

17   loss of employment and associated benefits, physical and emotional distress,

18   and denial of credit.

19   **FIRST CAUSE OF ACTION FOR WILLFUL VIOLATIONS OF**

20   **THE FAIR CREDIT REPORTING ACT ("FCRA")**

21   **15 U.S.C. § 1681, ET SEQ.**

22   **[AGAINST ALL DEFENDANTS]**

23   66. Plaintiff incorporates by reference all of the above paragraphs of this

24   Complaint as though fully stated herein.

25   67. The foregoing acts and omissions of Defendants constitute numerous and

26   multiple knowing and/or willful violations of the FCRA, including but not

27   limited to each and every one of the above-cited provisions of 15 U.S.C. §

28   1681, *et seq*.

---

**COMPLAINT FOR DAMAGES**

68. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, from each defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681, ET SEQ.
### [AGAINST ALL DEFENDANTS]

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq*.

71. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

## THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") CAL. CIV. CODE § 1785, ET SEQ.
### [AGAINST BANK OF AMERICA]

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA.

74. In the regular course of its business operations, Defendant routinely furnishes information to consumer credit reporting agencies pertaining to transactions

1
2
between Defendant and consumers, so as to provide information to a consumer's credit worthiness, credit standing, and credit capacity.

3
4
5
6
7
8
9
10
11
12
75. The cause of action stated herein pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendant to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

13
14
15
16
17
18
76. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated not to furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendant knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

19
20
21
### FOURTH CAUSE OF ACTION FOR
### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
### [AGAINST BANK OF AMERICA]

22
23
77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24
25
26
27
78. The foregoing acts and omissions constitute numerous and multiple instances of intentional interference with contractual relations. Plaintiff alleges Defendant's conduct was oppressive, fraudulent, and/or malicious and that Defendant engaged in such conduct with the intent of injuring Plaintiff.

28
79. At the time of Defendant's conduct, a valid contract existed between Plaintiff

1    and his former employer.

2    80.    Defendant knew, or should have known, of this contract as Plaintiff deposited

3    checks from his employer in his checking account maintained by Defendant.

4    81.    Defendant intended to interfere with the contract as Defendant intentionally

5    and falsely reported Plaintiff as having engaged in "fraudulent activity" and

6    specifically instructed other financial intuitions not to conduct business with

7    Plaintiff. Specifically, Defendant instructed other financial intuitions "Do Not

8    Open Opportunity Acct or *Any* Other Acct." [*See* Exhibit 1].

9    82.    Defendant's conduct caused a breach of contract and/or a disruption of the

10    contractual relationship. Plaintiff's employer's bank was notified of the

11    information reported by BANK OF AMERICA to CHEX SYSTEMS and

12    informed Plaintiff they would no longer conduct any business with him

13    whatsoever. Overseeing payroll and other financial matters was an essential

14    part of Plaintiff's duties with his employer and his inability to perform these

15    tasks resulted the loss of Plaintiff's employment contract.

16    83.    As a result of Defendant's conduct Plaintiff is entitled to compensatory

17    damages pursuant to Cal. Civ. Code § 3333; and punitive damages pursuant

18    to Cal. Civ. Code § 3294, according to proof.

19    **FIFTH CAUSE OF ACTION FOR**

20    **INTENTIONAL INTERFERENCE WITH PROSPECTIVE**

21    **ECONOMIC RELATIONS**

22    **[AGAINST BANK OF AMERICA]**

23    84.    Plaintiff incorporates by reference all of the above paragraphs of this

24    Complaint as though fully stated herein.

25    85.    The foregoing acts and omissions constitute numerous and multiple instances

26    of intentional interference with prospective economic relations. Plaintiff

27    alleges Defendant's conduct was oppressive, fraudulent, and/or malicious and

28    that Defendant engaged in such conduct with the intent of injuring Plaintiff.

86. At the time of Defendant's conduct, Plaintiff had an existing relationship with his employer and his employer's bank that was likely to procedure economic benefits in the future.

87. Defendant knew, or should have known, of these relationships as Plaintiff deposited checks from his employer in his checking account maintained by Defendant.

88. Defendant intended to interfere with these relationships as Defendant intentionally and falsely reported Plaintiff as having engaged in "fraudulent activity" and specifically instructed other financial intuitions not to conduct business with Plaintiff. Specifically, Defendant instructed other financial intuitions "Do Not Open Opportunity Acct or *Any* Other Acct." [*See* Exhibit 1].

89. Defendant's conduct disrupted said relationships. Plaintiff's employer's bank was notified of the information reported by BANK OF AMERICA to CHEX SYSTEMS and informed Plaintiff they would no longer conduct any business with him whatsoever. Overseeing payroll and other financial matters was an essential part of Plaintiff's duties with his employer and his inability to perform these tasks resulted the loss of Plaintiff's employment.

90. As a result of Defendant's conduct Plaintiff is entitled to compensatory damages pursuant to Cal. Civ. Code § 3333; and punitive damages pursuant to Cal. Civ. Code § 3294, according to proof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, according to such causes of action stated against each Defendant, as follows:

- As a result of Defendants' willful violations of 15 U.S.C. § 1681, *et seq.*, an award of actual damages, in an amount to be determined at trial, or statutory damages of not less than $100 and not more than $1,000, from each defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); an award of

punitive damages, as the Court may allow, pursuant to 15 U.S.C. 1681n(a)(3); and an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3);

- As a result of Defendants' negligent violations of 15 U.S.C. § 1681, *et seq.*, an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681o(a)(1); and an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(1);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A);
- An award of statutory damages of $5,000.00 per violation pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);
- Compensatory damages pursuant to Cal. Civ. Code § 3333;
- Punitive damages pursuant to Cal. Civ. Code § 3294;
- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful credit reporting practices stated herein; and
- Any and all other relief that this Court deems just and proper.

Dated: April 8, 2016                                      Respectfully submitted,

                                                                    **SINNETT LAW, APC.**

                                                                    BY: /S/ WAYNE A. SINNETT
                                                                    WAYNE A. SINNETT, ESQ.
                                                                    ATTORNEY FOR PLAINTIFF

///

///

///

1

## TRIAL BY JURY

2

91.   Pursuant to the Seventh Amendment in the Constitution of the United States

3

   of America, Plaintiff is entitled to, and demands, a trial by jury.

4

5

Dated: April 8, 2016                    Respectfully submitted,

6

7

                              **SINNETT LAW, APC.**

8

                         By: /s/ WAYNE A. SINNETT
9
                              WAYNE A. SINNETT, ESQ.
10                            ATTORNEY FOR PLAINTIFF

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---